UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB CURTIS-ALLEN HELM, | Case No. 1:23-cv-00487-ADA-EPG (PC) |
| Plaintiff, | ORDER VACATING AUGUST 8, 2023 FINDINGS AND RECOMMENDATIONS |
| v. | (ECF No. 11) |
| MADERA COUNTY CALIFORNIA, et al., | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED WITH PREJUDICE |
| Defendants. | (ECF Nos. 1, 12). |
| | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Plaintiff Jacob Curtis-Allen Helm[1] is proceeding *pro se* and *in forma pauperis* in this apparent civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on March 30, 2023, alleging that he suffered torture while confined at Madera County Jail.  (ECF No. 1).  On June 21, 2023, the Court screened the complaint and concluded that Plaintiff failed to comply with Federal Rule of Civil Procedure 8(a).  (ECF No. 10).  The Court gave Plaintiff thirty days from the date of service of the order to file an

---

[1] The Court proceeds under the presumption that Plaintiff is one person, Jacob Curtis Allen Helm. However, it notes that Plaintiff could be using alternative names, Jacob Curtis, aka Allen Helm; or there could be two separate Plaintiffs, Jacob Curtis and Allen Helm.

1

amended complaint or to notify the Court that he wanted to stand on his complaint.  (*Id.* at 5-6).
And the Court warned Plaintiff that "[f]ailure to comply with this order may result in the
dismissal of this action."  (*Id.*).

After the thirty-day deadline passed without any response from Plaintiff, the Court
issued findings and recommendation on August 8, 2023, to dismiss the case for failure to
comply with Rule 8(a), failure to prosecute, and failure to comply with a court order.  (ECF No.
11).  The next day, Plaintiff filed an amended complaint, stating, "Sorry it's late, I've been
hunting with my family."[2]  (ECF No. 12).  Although untimely filed, the Court will consider the
amended complaint, and upon review, will recommend that this action be dismissed with
prejudice.

## I.   SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may screen the
complaint under 28 U.S.C. § 1915.  "Notwithstanding any filing fee, or any portion thereof,
that may have been paid, the court shall dismiss the case at any time if the court determines that
the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C.
§ 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing
that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are
not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A plaintiff must set forth "sufficient
factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id.
(quoting Twombly, 550 U.S. at 570).  The mere possibility of misconduct falls short of meeting
this plausibility standard.  Id. at 679.  While a plaintiff's allegations are taken as true, courts
"are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d
677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted).  Additionally, a

---

[2] For readability, minor alterations, such as changing capitalization, have been made to Plaintiff's
quotations without indicating each change.

plaintiff's legal conclusions are not accepted as true.  Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's first amended complaint is similar to his initial complaint.  He lists Madera County and Sally M. Moreno as Defendants.  He brings two claims.  His first claim cites the Fourth Amendment and the Convention Against Torture (CAT).  He states that he was "subjected to various forms of torture, such as volumetric audio torture, light, and other sensory torture, isolation torture 23 hrs a day for a year and drugged and forced to take drugs, obfuscation, gaslighting, dietary torture . . . ."

His second claims references "agreed US treaties," stating that "all Defendants either ordered or failed to prevent massive violation of international treaties."

And throughout the complaint, Plaintiff refers to being kidnapped, held hostage, and being subjected to a conspiracy.

## III.    ANALYSIS OF PLAINTIFF'S COMPLAINT

### A.  Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

3

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."  Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."  Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-77.  In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

### B.  Rule 8 Requirement of Short and Plain Statement

Plaintiff's complaint fails to comply with Rule 8(a).

As set forth above, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  It must also contain "sufficient allegations of underlying facts to give fair notice

and to enable the opposing party to defend itself effectively." <u>Starr v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011).  Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  <u>Iqbal</u>, 556 U.S. at 676-77.

Plaintiff's complaint does not include any specific factual allegations.  It does not describe anything any Defendant did to Plaintiff.  Although Plaintiff claims that he suffered from being torture, kidnapped, and conspired against, he does not specifically explain the circumstances surrounding such actions, or who did what to him.  His complaint fails to give notice to any Defendant what Plaintiff believes they did wrong against his constitutional rights.  Accordingly, the Court once again finds that Plaintiff's complaint is subject to dismissal under Rule 8(a).

C.  <u>Dismissal with Prejudice</u>

"A complaint which fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to rule 41(b)." <u>Nevijel v. N. Coast Life Ins. Co.</u>, 651 F.2d 671, 673 (9th Cir. 1981) (collecting cases) (footnote omitted).  "Dismissal with prejudice of a complaint under Rule 41(b) is a harsh remedy. . . ." <u>McHenry v. Renne</u>, 84 F.3d 1172, 1178 (9th Cir. 1996).  "The district judge should first consider less drastic alternatives, but need not exhaust them all before finally dismissing a case." <u>Id.</u> (citation and internal quotation marks omitted).  "These less drastic alternatives include allowing further amended complaints, allowing additional time, or insisting that [Plaintiff] associate experienced counsel." <u>Nevijel</u>, 651 F.2d 671, 674 (9th Cir. 1981).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" <u>Id.</u> (quoting <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . .  It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." <u>Id.</u>  Plaintiff's failure to cure the deficiencies identified by the Court in the first screening order, despite being plenty of time to do so, is

delaying this case and interfering with docket management.  Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."  Id. (citing Yourish, 191 F.3d at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to comply with Rule 8(a), despite the Court specifically identifying the deficiencies, that has delayed, and will continue to delay, resolution of this case.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, the Court previously warned Plaintiff that failure to comply with Rule 8(a) could result in dismissal of his complaint,[3] granted Plaintiff leave to amend to cure the deficiencies identified by the Court, and gave Plaintiff thirty days to do so.  However, Plaintiff's first amended complaint suffers the same material deficiencies identified in the first screening order.  Thus, it appears that further leave to amend would be futile.  Accordingly, the Court has considered less drastic sanctions, but sees no more appropriate option.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal.  Id.

After weighing the factors, the Court finds that dismissal with prejudice is appropriate.

**IV.    ORDER, CONCLUSION, AND RECOMMENDATIONS**

Based on the foregoing, IT IS ORDERED that the Court's August 8, 2023, findings and recommendations (ECF No. 11) are vacated.

Additionally, the Court RECOMMENDS that:

1.   This action be dismissed with prejudice; and

2.   The Clerk of Court be directed to close this case.

---

[3] In the first screening order the Court explained the deficiencies in Plaintiff's complaint.  The Court also informed Plaintiff that he could choose to stand on this complaint, in which case the Court would issue findings and recommendations to a district judge recommending dismissal of the action consistent with this order.  (ECF No. 10, p. 2). The Court also warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action."  (Id. at 6).

6

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 11, 2023**                          /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE